UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

TAMELA KISER,                )
                             )
    *Plaintiff*              )
                             )
v.                           )    Civil Action No.:  5:23-CV-55
                             )
RACHEL GAGHAN, et al,        )
                             )
    *Defendants*             )

## DEFENDANTS' ANSWER

Defendants, Rachel Gaghan, Melody Eaton, and Linda Plitt-Donaldson, by counsel, file this Answer to the Complaint as follows:

1. Defendants deny paragraph 1.

2. With respect to paragraphs 2, 3, and 4, Defendants admit that jurisdiction and venue are proper. Defendants deny that Plaintiff is entitled to any relief sought therein.

3. Defendants admit paragraphs 5, 6, 7, and 8.

4. Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff's work ethic in pursuing her education. Defendants admit the allegations in paragraph 9 regarding Plaintiff's general background.

5. Defendants deny paragraph 10. Defendants admit that Plaintiff was granted tenure effective August 25, 2021.

6. Defendants are without sufficient information to admit or deny the allegations in paragraphs 11 and 12.

7. Defendants deny paragraph 13.

8. With respect to paragraph 14, Defendants admit that the Suitcase Clinic, through the work of nursing students, PA students, and faculty supervisors, provides a variety of services to the local homeless population.

9. With respect to paragraphs 15 and 16, Defendants admit that Plaintiff was involved with the Suitcase Clinic in her role as a faculty member at JMU. Defendants deny the remaining allegations.

10. Defendants deny paragraph 17.

11. Defendants deny paragraph 18.

12. Defendants admit that for a finite period of time, Plaintiff served in a leadership role. Defendants deny the remaining allegations in paragraph 19.

13. Defendants deny paragraphs 20, 21, 22, 23, and 24.

14. Defendants admit paragraph 25, and in particular that the program needed to comply with State law and State policies and procedures related to purchasing, program operations, grant terms, personnel matters.

15. Defendants deny paragraphs 26, 27, 28, 29, and 30.

16. Defendants admit that Gaghan was hired to serve as the director. Defendants deny the remaining allegations in paragraph 31.

17. With respect to paragraph 32, Defendants admit that the Memorandum speaks for itself and deny any description or characterization inconsistent therewith. Defendants deny the remaining allegations in paragraph 32.

18. With respect to paragraph 33, Defendants admit that the Memorandum speaks for itself and deny any description or characterization inconsistent therewith.

19. Defendants deny paragraphs 34 and 35.

TimberlakeSmith
Staunton, VA
540.885.1517

20. With respect to paragraphs 36 and 37, Defendants admit that the Memorandum speaks for itself and deny any description or characterization inconsistent therewith.

21. Defendants deny paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52.

22. In response to paragraph 53, Defendants incorporate their responses in the prior paragraphs.

23. Paragraphs 54, 55, 56, and 57 assert conclusions of law to which no response is required. To the extent a response is required, Defendants deny same.

24. Defendants deny paragraphs 58, 59, 60, 61, 62, 63, and 64.

25. Defendants deny that Plaintiff is entitled to any relief requested in the prayer for relief.

26. Defendants deny any allegations not expressly addressed herein.

27. Defendants assert that the Complaint fails to state a claim upon which relief can be granted.

28. Defendants are entitled to qualified immunity.

29. Plaintiff did not speak as a private citizen on a matter of public concern.

30. Plaintiff's speech was made in her role as a faculty member and was part of her job duties. All actions at issue were taken during work hours, work events, or otherwise within the role and performance of her job duties.

31. Plaintiff used her work with the Suitcase Clinic to fulfill her annual faculty activity requirements for which she received compensation.

32. Plaintiff did not have any protected right of association with the Suitcase Clinic which was a program operated by her employer, as she did not have a right to any particular program, course, or curriculum operated by her employer.

33. Defendants did not constructively discharge Plaintiff.

34. Plaintiff did not suffer an adverse employment action as result of any protected speech.

35. Plaintiff did not grieve the Memorandum regarding her professional behaviors related to the healthcare for the Homeless Suitcase Clinic, or any other alleged adverse employment action.

36. Defendants' and JMU's interest in providing effective and efficient services to the public outweighs any purported First Amendment right asserted by Plaintiff. Plaintiff's conduct / speech: impaired the maintenance of discipline by supervisors; impaired harmony among coworkers; damaged close personal relationships; impeded the performance of the public employee's duties; interfered with the operation of the institution; undermined the mission of the institution; was communicated to the public or to coworkers in private; conflicted with the responsibilities of the employee within the institution; and abused the authority and public accountability that the employee's role entailed.

37. Defendants and JMU have a right of self-governance in academic affairs, including the right to determine which faculty will teach which courses and how those courses will be taught. Plaintiff has no right to determine for herself which courses or teaching programs she will be assigned.

38. Defendants' actions regarding Plaintiff were made for legitimate reasons unrelated to Plaintiff's exercise of any alleged constitutional right.

39. Defendant Gaghan had a nondelegable duty to report Plaintiff's misconduct.

40. Plaintiff's alleged speech was not the but for cause of any adverse employment action.

TimberlakeSmith
Staunton, VA
540.885.1517

41. Plaintiff failed to mitigate her damages.

42. To the extent Plaintiff attempts to assert a conspiracy claim, such claim should be dismissed based on intracorporate immunity.

43. Defendants reserve the right to amend this Answer through the course of discovery and through trial.

44. Defendants demand a trial by jury.

WHEREFORE, Defendants request that this Court dismiss the Complaint, enter judgment in favor of Defendants, and award them such other and further relief as appropriate.

          RACHEL GAGHAN,
          MELODY EATON,
          and
          LINDA PLITT-DONALDSON,

          By Counsel

By: /s/ Rosalie Pemberton Fessier
   Rosalie Pemberton Fessier
   VSB # 39030
   Brittany E. Shipley
   VSB # 93767
   Attorneys for Defendants Gaghan, Eaton & Donaldson
   Timberlake**Smith**
   25 North Central Avenue
   P. O. Box 108
   Staunton, VA 24402-0108
   phone:  540/885-1517
   fax:       540/885-4537
   email:  rfessier@timberlakesmith.com
       bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

  I hereby certify that on October 31, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    John B. Flood, Esquire
    Lee E. Berlik, Esquire
    Berliklaw, LLC
    1818 Library Street, Suite 500
    Reston VA   20190

      /s/  Rosalie Pemberton Fessier
    Rosalie Pemberton Fessier
    VSB # 39030
    Brittany E. Shipley
    VSB # 93767
    Attorneys for Defendants Gaghan, Eaton & Donaldson
    Timberlake**Smith**
    25 North Central Avenue
    P. O. Box 108
    Staunton, VA 24402-0108
    phone:  540/885-1517
    fax:     540/885-4537
    email:  rfessier@timberlakesmith.com
      bshipley@timberlakesmith.com